## STANDARD ROLLING MILLS, Inc., v. NATIONAL MINERAL CO. et al.

### No. 2164.

District, Court, E. D. New York.

Jan. 2, 1942.

for $9,646.33, for goods, sold and delivered, as alleged in the complaint, but the defendant contends that there is no sum due and owing by the defendant to the plaintiff for the reasons set forth in the counterclaim for $40,000, for damages alleged in its answer.

There are two outstanding questions presented in this case: (1) Was the agreement alleged in paragraph 3 of the counterclaim entered into by the defendant and the plaintiff either through any officer or officers thereof, or any agent or agents thereof? (2) Were Davis & Davis the agents of the plaintiff with authority to bind the plaintiff if such agreement was made by them on its behalf?

■ The motion being made by the plaintiff for summary judgment, it had the burden of showing by reference to specific, uncontrovertible facts that as a matter of law there is no issue as to any material fact.

This may be done by the pleadings, affidavits and depositions, if such depositions are admissible as provided by Rule 30.

■ The defendant alleged the making of such agreement in its answer, and in its bill of particulars, and finds some corroboration in the letters of March 17th, 1938, and November 25th, 1938, on the letterheads of the Standard Rolling Mills, Inc., the plaintiff in this action, the first being signed by Davis & Davis by Jock Howe by S; the second being signed by Standard Rolling Mills, Inc., J. H. Davis. In the latter letter Davis & Davis of Chicago are described as "our representatives".

The plaintiff has offered by affidavit and depositions denials of the defendant's contention.

The denials, however, in my opinion, tender an issue.

■ The depositions contain much that is hearsay, which cannot be considered.

■ Proof of agency may be shown in part at least by other than oral testimony.

I cannot say on all that has been presented to me, that there is no issue of fact which defendant is entitled to have tried in this case.

Motion denied.

David Groberg, of Brooklyn, N. Y., (Henry W. Pollock, of New York City, and David Groberg, of Brooklyn, N. Y., of counsel), for plaintiff.

Shestack & Shestack, of New York City (Adolph A. Rubinson, of Chicago, Ill., of counsel), for defendant.

CAMPBELL, District Judge.

This is a motion for summary judgment made by the plaintiff under Rule 56, Subdivisions (a) and (b) of the Rule of Civil Procedure, 28 U.S.C.A. following section 723c.

There seems to be no dispute as to the correctness of the claim of the plaintiff