CARROLL, Judge.
This is a wrongful death action brought by the husband and children of a woman *747 whose death by asphyxiation was caused by carbon monoxide gas. The family lived in an apartment house, where they were lessees of a small “efficiency” apartment. Their apartment, as were some of the others, was equipped with a gas operated refrigerator. The burner on the appliance malfunctioned when something impinged on the flame or the outlet for the flame, resulting in the carbon monoxide which caused the death of Mrs. Rodriguez.
Action was filed against The Houston Corporation which supplied the gas (hereinafter referred to as the gas company) and 76th Street Corporation (hereinafter referred to as the landlord). Numerous acts of negligence were charged to the two defendants.[1]
Trial of the case before a jury resulted in a directed verdict for the defendant gas company and in a verdict in favor of the landlord. Separate appeals by plaintiffs from the judgments entered on the verdicts were consolidated in this court. On consideration of the briefs and record on these appeals we conclude that the appellants have failed to demonstrate reversible error.
It is disclosed that a gas operated refrigerator of the kind involved, when functioning properly, is not injurious, but that such an appliance may become dangerous through creating carbon monoxide if something occurs to cause the gas flame to burn improperly. The danger is intensified, of course, if the appliance is in a small apartment.
There was evidence that these appliances should be inspected and repaired as needed at intervals of six months to a year. Such appliances in this apartment house had been checked six or seven months prior to the incident. More frequent inspections or repairs were made only when malfunctioning of such an appliance in the apartment house so required.
As to the gas company, the plaintiff’s contentions were not established in the evidence, and the court committed no error in directing a verdict for that defendant. These appliances had been installed a number of years previously and it was not shown by whom. The records of the Houston Corporation which were produced did not show the appliances to have been installed by that company. On behalf of the gas company it was shown they supplied natural gas to the apartment building to a central connection served by a single meter, whence gas was dispatched to the various apartments to which it was supplied by the landlord, for use by individual tenants; that the gas company made inspections or repairs only when called upon by the landlord; and that under the rules of the Florida Public Utilities Commission, the gas company was under no duty to do more.
As to the landlord, in whose favor the jury decided, the determinative issue related to notice, that is,-whether notice of improper functioning of the appliance was given by the plaintiff lessee or by his wife to the landlord. On that issue there was a sharp and direct conflict in the evidence. The verdict implies the jury resolved the issue in favor of the landlord.
Appellants place emphasis on the fact that the apartment was leased on a rental which included the utilities, and that the landlord undertook to maintain the utilities. Based thereon appellants argue the landlord breached a duty to inspect and repair. Appellee contends, and correctly so, that in the absence of proof it was given notice that the appliance was in disrepair, *748 no duty was breached. On the facts disclosed the trial judge was eminently correct in refusing to disturb the verdict in favor of the landlord.
In addition, the appellants presented a number of contentions of error dealing with admission or exclusion of evidence and claiming impropriety in certain arguments presented. We have considered these additional contentions and do not find therein basis for reversal.
Accordingly the judgments appealed from in the above styled and numbered appeals are affirmed.
Affirmed.

. The gas company was charged with negligence through improper, installation and maintenance of the appliance, failure to warn of its dangers and failure to recognize that it was obsolete and dangerous and terminate the gas supply. The landlord was charged with negligence by failure to inspect, clean and repair the appliance, after notice of its defective condition, and with having rented unsafe premises.