OROPESA, APPELLANT, v. THE HUFFMAN MANUFACTURING CO., APPELLEE.

[Cite as Oropesa v. Huffman Mfg. Co., 9 Ohio App. 2d 337.]

(No. 2942—Decided December 4, 1965.)

*Mr. James C. Britt* and *Mr. Willis E. Wolfe, Jr.,* for appellant.

*Messrs. Pickrel, Schaeffer & Ebeling* and *Mr. F. Thomas Green,* for appellee.

KERNS, J. This is an appeal on questions of law from an order of the Dayton Municipal Court wherein the defendant's demurrer to the plaintiff's third amended petition was sustained, and, the plaintiff electing not to plead further, the cause was dismissed.

Omitting its formal caption, the third amended petition reads as follows:

"1 Plaintiff for her cause of action says that at all times herein mentioned she was and is the parent and natural guardian of Ralph S. Oropesa, a minor.

"2. Plaintiff further says that the defendant The Huffman Manufacturing Company was and is at all times herein mentioned a corporation duly organized and existing under and by virtue of the law of the state of Ohio.

"3. Plaintiff further says that the defendant manufactured and distributed a certain electric lawn mower known as 'Huffey Mower,' Model A-2020; that said mower was designed and manufactured, without safeguards which would protect persons or objects which came into its path; and further that it

was designed and manufactured in such a manner that it would run upon and over persons or objects which came into its path, causing injury and damage to the same, all of which the defendant knew or should have known in the exercise of ordinary care.

"4. Plaintiff further says that on the last day of July, 1960, the above described lawn mower was owned by one James Moore and was being operated by one Robin Lee Moore at 1284 East 25th Street in the city of Columbus, county of Franklin and state of Ohio; that at the same time and place plaintiff's son, Ralph S. Oropesa, was playing in the same area with several other children; that during said course of play, Ralph S. Oropesa was thrown to the ground in the path of said lawn mower while it was being operated as aforesaid, and that said lawn mower ran over the left arm of plaintiff's son, injuring and damaging plaintiff's son as will be hereinafter more specifically set forth.

"5. Plaintiff further says that as a result of the negligence of the defendant as aforesaid plaintiff's son's left arm was lacerated, and his ulnar nerve was lacerated and crushed, and that plaintiff has become obligated to pay for and on behalf of her son necessary medical expenses in the approximate amount of one thousand four hundred eighty-five dollars ($1,485.00), and further, that plaintiff will continue to incur necessary medical expenses in the future in an amount now unknown to her.

"Plaintiffff further says that all of her expense incurred and to be incurred in the future are the result of the conduct of the defendant as aforesaid and to the plaintiff's damage in the amount of three thousand dollars ($3,000.00).

"Wherefore, plaintiff prays that she be granted judgment against the defendant in the amount of three thousand dollars ($3,000.00) together with her costs herein expended."

The sole question presented is one of pleading—whether the plaintiff's third amended petition states a cause of action.

The evolution of the law dealing with the liability of a manufacturer in cases of this kind has been the subject of discussion in numerous Ohio cases. For example, see *Thrash* v. *U-Drive-It Co.*, 158 Ohio St. 465; *Rogers* v. *Toni Home Permanent Co.*, 167 Ohio St. 244; *Durham* v. *Warner Elevator Mfg. Co.*, 166 Ohio St. 31; *Inglis* v. *American Motors Corp.*, 94 Ohio

Law Abs. 438; *Mobberly* v. *Sears, Roebuck & Co.*, 4 Ohio App. 2d 126. See, also, *McPherson* v. *Buick Motor Co.*, 217 N. Y. 382, 111 N. E. 1050, L. R. A. 1916F 696, Ann. Cas. 1916C 440.

However, the plaintiff has failed to cite, and we are unable to find, any case which will reach the allegations of the pleading now before us. In order to withstand the demurrer, the pleading must disclose negligence, and "it is always important to remember that in order to establish 'actionable negligence' three essential elements must be shown, namely, a duty or obligation on the part of the person charged with such negligence to protect another from injury, a failure to discharge that duty, and an injury to such other proximately resulting from such failure." *Wellman* v. *East Ohio Gas Co.*, 160 Ohio St. 103.

In the present case, actionable negligence cannot reasonably be inferred from the bare allegation "* * * that said mower was designed and manufactured without safeguards which would protect persons or objects *which came into its path;* and further that it was designed and manufactured in such a manner that it would run upon and over persons or objects *which came into its path* * * *.*" (Emphasis ours.) This would not appear to be an unusual feat for any type lawn mower, and the same result might reasonably be expected from the proper design and lawful use of almost any piece of equipment which has wheels (hand plows, snow plows, push mowers, road rollers, combines, etc.). It is possible to use almost anything in a way that will make it dangerous.

However, a manufacturer is not an insurer and has no duty to make accident-proof equipment. *Gilbride* v. *James Leffel & Co.*, 37 Ohio Law Abs. 457.

Furthermore, the mere fact that the use of certain equipment results in injuries to another raises no presumption of negligence. On the contrary, the pleading filed in the present case, by its own allegations, appears to negate any possibility that negligence in design was the *proximate* cause of the injuries to the plaintiff's son. See *Hurt* v. *Charles J. Rogers Transportation Co.*, 164 Ohio St. 323. The defendant's mower would have caused no harm to the unfortunate child unless he, by his own acts or by the combined acts of other persons, came in contact with it. It was apparently without any latent defect, and its functioning created no danger or peril not known to the user. Furthermore, there is nothing in the third amend-

ed petition from which it might reasonably be inferred that the mower, at the time of injury, was operating beyond the purpose for which it was designed. See, particularly, *Murphy* v. *Cory Pump & Supply Co.*, 47 Ill. App. 2d 382, 197 N. E. 2d 849.

As heretofore mentioned, the question presented in this case is one of pleading, and we must, of course, construe the allegations of the third amended petition so as to resolve doubts in favor of the plaintiff. However, the plaintiff's pleading, construed as liberally as possible, suggests no valid reason for prolonging the present controversy.

The judgment will, therefore, be, and hereby is, affirmed.

*Judgment affirmed.*

SHERER, P. J., and CRAWFORD, J., concur.