Patricia Ann **LUNDEEN**, General Guardian of Persons and Estates of Maureen Joan Cordner and Michael Joseph Cordner, Appellant,

v.

France Jeanne **CORDNER**, Appellee.

No. 18167.

United States Court of Appeals
Eighth Circuit.

March 1, 1966.

**170**

Harold D. Field, Jr., of Leonard, Street & Deinard, Minneapolis, Minn., for appellant.

John S. Kappock, of Pross, Smith, Halpern & LeFevre, New York City, for appellee.

Before MATTHES and GIBSON, Circuit Judges, and LARSON, District Judge.

PER CURIAM.

In an opinion filed in this case under the date of January 5, 1966, we affirmed the judgment of the United States District Court, District of Minnesota, which granted a summary judgment to appellee (intervenor below). On January 19, 1966, appellant submitted to the Court a "Motion to Amend Judgment and to Condition Mandate to Preserve Appellant's Right to Apply to District Court for Leave to Conduct Discovery." Appellant argues that we have forged a new rule of summary judgment and to apply it in this case would have the unjust effect of retroactivity. Appellant, therefore, requests that we remand the case to allow an opportunity to seek discovery in hope of avoiding the summary judgment that has herein been granted against her and affirmed by the Court's decision of January 5, 1966. It is our opinion that this motion should be denied.

In the first place, contrary to the allegations of appellant, we have declared no new law in this area. We have applied the law well established by precedent and Rule 56(e), Fed.R.Civ.P. There is no doubt as to the law. To be entitled to a summary judgment, the moving party must "adequately support" his motion. A motion is "adequately supported" if it demonstrates that there are no genuine issues of fact. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944). In affirming the holding of the trial court, we went to great lengths to point out why we believed that the affidavits, the exhibits, and the inferences properly drawn therefrom were, indeed, sufficient to support a motion for summary judgment.

The law is equally clear that when a moving party presents an adequately supported motion for summary judgment (as was done herein) the adverse party must come forward with facts, not allegations, which controvert the necessary facts set forth in the moving party's case. Rule 56(e) clearly spells out this duty on the sanction of suffering a summary judgment.

Furthermore, the law does not require that an adverse party, as an absolute necessity, must present counter-affidavits or discovery results in order to avoid a summary judgment, and appellant was in error in so interpreting our opinion. We recognize that the moving papers may not touch every operative fact of the case and thus not "adequately support" the motion. In addition, we recognize that the papers, while touching every operative fact, may in themselves demonstrate lack of credibility in the affiant without resorting to counter-affidavits or discovery. For instance if the papers presented by the moving party demonstrate bias due to a personal or financial interest in the outcome, or if they demonstrate an absence of opportunity to observe the facts related, or if they demonstrate lack of mental competence, or if a mistake is indicated by an appearance of internal inconsistency, then a factual issue may have been raised. However, as with any other fact, it takes more than allegations to place credibility in issue. To avoid summary judgment the opposing party must disclose "facts." This was the law prior to this case, and it was the law applied by us in reaching the conclusion herein.

In attempting to bring into issue the credibility of the affidavits offered by appellee, appellant chose not to present any counter-affidavit or conduct discovery. Rather, appellant hoped to dem-

onstrate the existence of a credibility issue by pointing to alleged inconsistencies between two affidavits offered by appellee. If the actual existence of the inconsistency were proven, perhaps this would be a showing of sufficient facts contesting credibility to avoid a summary judgment, but the inconsistency must actually exist before it can be considered a "fact." However, the trial court ruled, and correctly so, that no inconsistency existed. Therefore, as a matter of law this mere assertion of inconsistency is still only an allegation. Simply pointing out insignificant differences between the affidavits cannot raise this bare assertion of inconsistency to the status of a factual issue. We have blazed no new trail with this holding. It is a logical, foreseeable, and necessary outgrowth of Rule 56(e) and prior case law. Should we allow claims of inconsistency between affidavits which the party cannot substantiate before the Court to serve as a basis for avoiding a summary judgment, Rule 56(e) would be completely emasculated.

Secondly, we do not believe that the outcome of this case came as a complete surprise to appellant. Appellant was undoubtedly aware of the strong case made by appellee. Appellant was also aware of Rule 56(e) and the prior case law which required an adverse party to present facts countering an adequately supported motion for summary judgment. Appellant took the risk of not securing counter-affidavits or conducting discovery, so it should have been at least foreseeable that her failure to present any concrete facts might cause her to suffer a summary judgment.

As a third point, appellant has had numerous opportunities to conduct discovery, therefore, she is not in a position to equitably request another chance. Appellant could have conducted discovery after intervener's answer. She could have conducted discovery upon presentation of the summary judgment motion. When the court granted the summary

judgment, she was capable of moving the judgment be set aside to allow discovery. She never acted, and as we said in our opinion, "Apparently plaintiff felt she had nothing to gain by a deposition, * * *." Therefore, we are not constrained to remand this case to give another opportunity to conduct discovery when she has let so many opportunities pass.

Finally, there must be an end to litigation. Were we to remand this case to allow discovery, the action of the trial court would again be subject to another appeal to this and higher courts. We do not believe the cause of justice would be served by further extending the litigation in this case, especially in view of appellant's failure to conduct discovery during her many opportunities in the proceedings below.

For the foregoing reasons appellant's motion is denied and the mandate shall issue forthwith.