**J. O. LOW, Jr., and Leroy Franz, Jr.,**
**Appellants (Defendants below),**
**Ralph C. Allen, Marjorie Dennis Allen**
**(Named as defendants below),**

**v.**

**Millicent SANGER and Kathryn Lynn**
**Sanger, Appellees (Plaintiffs below).**

**No. 3838.**

Supreme Court of Wyoming.

Dec. 21, 1970.

Byron Hirst, of Hirst & Applegate, Cheyenne, S. K. Briggs, Rawlins, for appellants.

Eph U. Johnson and Harold M. Johnson, Rawlins, for appellees.

Before GRAY, C. J., and McINTYRE, PARKER and McEWAN, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Millicent and Kathryn Lynn Sanger brought a complaint against Ralph C. Allen (Ralph Clayton Allen), Marjorie Dennis Allen,[1] and J. O. Low, Jr., alleging that plaintiffs were the owners and in actual possession of some 17.35 acres in the S½ NW¼ sec. 34, T. 15 N., R. 81 W., of the 6th P.M., Carbon County, Wyoming, described by metes and bounds, and asked that title be quieted in them. Low answered, denying generally and asserting that the claim did not state a cause of action; pleaded the execution of a December 26, 1947, written agreement recorded August 28, 1961, which Ralph C. Allen and Marjorie Dennis Allen had executed and caused to be placed in escrow with a warranty deed to him, covering the land in issue subject to the right of Allen, upon notice to Low, to use the cabin located on the lands for the period of June through October during his lifetime, the consideration being $2,000 in cash, an agreement that Low would make certain improvements on the property, and at the time of Allen's death would pay an additional $2,000 to the bank for the account of Allen, his heirs, administrators, and assigns. Low asserted that the written agreement, a copy of which was attached to the answer, gave him a right to use and occupy the premises except when used by Allen and that he intended to exercise his right to the property at the time of Allen's death.

Allen answered the complaint, averring that he claimed no interest in the real property in issue and that the purported 1947 agreement with Low was void and asking that title to the land be quieted in the Sangers.

During the course of the pleadings, when it developed that Low had transferred his interest to Leroy Franz, Jr., Franz was made a party. He filed an answer denying plaintiffs' complaint; asserted in the nature of a counterclaim his own title to the land as Low's successor; and asked that title be confirmed in him, plaintiffs replying with denial.

Interrogatories were submitted to and answered by Millicent Sanger, Allen, and Low, the latter filing a motion for summary judgment, supported by his affidavit and those of his attorney and Franz. The trial judge then wrote counsel, saying that from reading the file he was unsure of what the parties were contending. Both counsel responded, indicating the principal issue to be the effect as constructive notice of the recording in 1961 of the 1947 agreement and citing authorities. The case remained pending for some months during the illness and subsequent death of the presiding judge. When his successor was appointed, counsel for the litigants wrote supplements to their earlier arguments concerning constructive notice. After a consideration of the matter, the judge wrote a letter to the attorneys saying:

" * * * the discovery was so complete that all counsel for the parties agreed to submit the case on the record. * * * counsel * * * have submitted briefs on the question which they have agreed is the crux of the law suit, namely whether the recording of an instrument designated as 'Description of Property', to which was attached a copy of an Agreement dated December 26, 1947, gave constructive notice to the Plaintiff that J. O. Low, Jr. claimed an interest in the property which the Plaintiff [sic] purchased from a common grantor."

The letter continued with reasons and authority for accepting plaintiffs' views that the recording was ineffective in imputation of constructive notice to plaintiffs. Judgment was entered denying the prayer of Low's motion for summary judgment and

1. The record does not show that Marjorie Dennis Allen was served; she did not appear; and Ralph C. Allen stated in an interrogatory answer that she was deceased.

quieting title in plaintiffs. Low and Franz then filed motion for new trial, which was denied by the court, and this appeal has resulted.

As basic to our consideration, we list the facts disclosed by the various pleadings, instruments, affidavits and interrogatories contained in the record.

On December 26, 1947, Marjorie Dennis Allen and Ralph Clayton Allen, wife and husband, entered into a witnessed but unacknowledged agreement with J. O. Low, Jr., for the sale to him of the 17.35 acres of land here in issue, simultaneously executing a duly acknowledged warranty deed for the property, placing it and the agreement in escrow with The First National Bank of Laramie. The agreement provided that the deed was to be held in escrow for the natural life of Allen, during which time Low was to have the exclusive use and occupancy of a cabin located on the land, subject to Allen's right to use the same each year during the months of June through October upon "thirty days' written notice" to Low of his intention so to do, and on the death of Allen the bank was to deliver the deed to Low upon the payment of $2,000. The recited consideration in the agreement was $2,000 in cash, which amount Low said he paid but Allen insisted he did not receive, and $2,000 to be paid to the bank for the account of Allen and his successors at the time of his death. Low said he made various improvements on the property in compliance with his agreement that this would be further consideration for the property; Allen denied Low's making certain of the asserted improvements and explained ones which he himself had made.

The agreement had no description of the property but referred to that contained in the deed, which together with the agreement, was placed with the bank. The deed described the property by metes and bounds and continued:

"The above parcel of land being a portion of the same real estate conveyed by Christina Dennis, widow and unmarried, to Marjorie Dennis Allen by Warranty Deed dated the 6th day of August, A.D. 1932 and recorded in the office of the Register of Deeds of Carbon County, in Book 239 of W.D. Page 419."

Allen in his interrogatories stated that Marjorie Dennis Allen was his wife on December 26, 1947, identified her signature on the warranty deed and agreement, and said that she was deceased.

Low by affidavit described various improvements that he had made to the land and cabin. Although in answer to interrogatories he indicated occupancy of the cabin during the summers of 1948–1952, no specific reference was made to any date thereafter.

In 1961 Low appended to a copy of the agreement a paper entitled "Description of Property," signed and acknowledged by him, and caused the result to be recorded in the office of the County Clerk of Carbon County. In 1962 he sold his interest in the property to Franz, executing a duly acknowledged warranty deed therefor. At that time Franz established in The First National Bank of Laramie an account of $2,000 to assure the presence of cash money when the time arose for the exercising of the rights of purchasing the property. In 1967 when the 1947 escrowed warranty deed from Allen to Low was delivered by the bank, it and the deed from Low to Franz were recorded in the office of the County Clerk of Carbon County.[2]

According to Millicent Sanger's interrogatory answers, she was prior to purchasing the property many times the guest of Allen at the cabin; and in 1965 without consulting the public records of Carbon County, she paid $10,000 to him for the purchase of the land in question (recording the warranty deed which Allen had made to Sangers the same year), requesting his agent to deliver to her the abstract together with a title policy.

---

2. Counsel state that Allen died January 16, 1967.

Nothing appears in the record as to the ownership of the land by Ralph C. Allen except his answer to interrogatories in which he stated, "[In December of 1947] I was the owner of the 17.35 acres * * *," and nothing appears as to ownership of the lands by plaintiffs except Millicent Sanger's answer to interrogatories, "We acquired this parcel from R. C. Allen by virtue of a Warranty Deed. * * * I gave a personal check in the full amount to Al Welton, a licensed real estate agent in Saratoga, Wyoming, who was Mr. Allen's agent for the sale of this land."[3]

The court's disposition of the cause although not denominated as a summary judgment must reasonably be construed and treated as such. Its propriety is dependent upon a correct determination of the applicable principles *if* the matters of record employed as a basis for the judgment showed there to have been no genuine issue of material fact.

■ As to the interpretation of relevant statutes, principles, and rules, we find no serious flaw in the reasoning of the court disclosed by its letter, indicating proposed judgment for plaintiffs, wherein it was held that the 1947 agreement not subject to recording as drafted was made no more recordable by the attachment of Low's acknowledged description, and therefore, did not impute constructive notice to plaintiffs.[4] Defendants have here argued the incorrectness of the court's holding for various reasons, several of which embody disagreement with its assumption that plaintiffs and defendants purchased from a common grantor—a factual matter to which allusion will later be made.

■ Their other contentions seem to be twofold, first that the 1947 escrow agreement although not recordable because unacknowledged became recordable by purchaser's attachment to it of his acknowledged description and when recorded constituted constructive notice, and second, that aside from the aspect of constructive notice since no recordation of executory contracts is required by statute Franz was first in time and thus entitled to prevail. As to the recording, their arguments are not persuasive. It would be strange indeed if the person to whom a transfer is made by an unacknowledged and thereby unrecordable instrument could unilaterally and to his own benefit alter such an instrument so as to make it recordable. We think the legislature did not intend the statutes to permit this result nor should such interpretation be countenanced in equity; and the various cited cases, none of which are really analogous, merely skirt the problem without addressing it directly. As to their second contention, it is true that an executory contract for the sale or purchase of land is not by statute required to be recorded, and therefore, failure to record such an instrument does not vitiate it as to subsequent purchasers—interests thus engendered being determined according to general principles of law and equity, which give weight to numerous common law maxims, including the one defendants seek to emphasize, "he who is first in time has the better right." However, the mere chronology of transactions is not sufficient to bring such principles to play in favor of defendants and the record discloses nothing else.

---

3. Plaintiffs' counsel in a letter to the court said that he was in possession of the warranty deed from Allen to the Sangers.

4. Pertinent statutes include § 34-2, W.S. 1957, "The term 'conveyance,' as used in this act, shall be construed to embrace every instrument in writing * * * by which the title to any real estate may be affected * * * except * * * executory contracts for the sale or purchase of lands * * *"; § 34-4, "* * * every executory contract for the sale or purchase of lands, only when acknowledged by such owner, may be recorded"; and § 34-21, "Each and every * * * instrument or conveyance touching any interest in lands, made and recorded, according to the provisions of this chapter, shall be notice to and take precedence of any subsequent * * * purchasers from the time of the delivery * * * for record."

We turn then to the aspect which is vital to the propriety of every summary judgment, i. e., a litigant may not be deprived of his right to a trial by the application of a legal principle if at the time there exists a genuine issue of material fact. The statement of Judge John J. Parker in Stevens v. Howard D. Johnson Co., 4 Cir., 181 F.2d 390, 394, is pertinent when he said the motion for summary judgment "has an important place in providing a prompt disposition of cases which have no possible merit and in preventing undue delays in the trial of actions to which there is no real defense; but it should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law."

 In the present controversy the court showed by letter prior to the judgment its determination to have been predicated upon the *assumption* that both plaintiffs and defendants claimed an interest in the property by reason of purchase from a common grantor. This assumption was unwarranted. The record discloses no evidence whatever to show that the parties received the land in question from a common grantor. Instead it tends to show the contrary, namely, the defendants received from Mr. and Mrs. Allen while plaintiffs claim title from Allen alone. It is appropriate also to observe the insufficient evidence of Allen's owning the property in 1947 and of the Sangers' owning it at the time of the action. Ownership as to these parties was broached only by their own statements in answer to interrogatories and it is well settled that where the title to real estate is in issue such title cannot be proved by mere declaration. New Canaan Country School, Inc. v. Rayward, 144 Conn. 637, 136 A.2d 742, 743; Bercot v. Velkoff, 111 Ind.App. 323, 41 N.E.2d 686, 693; 32A C.J.S. Evidence § 794. Hearsay and conclusions of that nature, being inadmissible in evidence, are insufficient of employment by a court in determining the lack of genuine issue as to material fact under Rule 56(c), W.R.C.P. We called attention to this in Newton v. Misner, Wyo., 423 P.2d 648, 650, as it relates to affidavits; and answers to interrogatories are also subject to such infirmities. H. B. Zachry Company v. O'Brien, 10 Cir., 378 F.2d 423, 425.

Conceding the importance of the recordability and constructive notice, which aspect the parties represented to the trial court as being the crux of the litigation, the judgment which quieted title was premature since there were issues of material fact unresolved. The cause is, therefore, remanded for further proceedings consistent with the views herein expressed.

Reversed and remanded.