Michael Allen APPERSON, Appellant
(Plaintiff below),

v.

Edward A. KAY and Fern E. Kay, d/b/a
Kay Apartments, Appellees (Defendants below).

No. 4423.

Supreme Court of Wyoming.

March 5, 1976.

Thomas C. Wilson of Burgess & Davis, Sheridan, for appellant.

William S. Bon and Robert H. McCrary, Casper, and E. E. Lonabaugh, Sheridan, for appellees.

Before GUTHRIE, C. J., and McCLINTOCK and THOMAS, JJ.

GUTHRIE, Chief Justice.

This is an appeal from the entry of a summary judgment denying plaintiff recovery on his claim for injuries alleged to have been caused by defendants' negligence

while plaintiff was a tenant in an apartment owned by defendants and leased to him.

The factual situation in this matter is rather simple and is as set out in the deposition of plaintiff and the answers to interrogatories filed by defendants. We find no aid in the affidavit filed by plaintiff in opposition to the motion for summary judgment. It contains statements that there were genuine conflicts of material fact, setting out, by reference, the answers to interrogatories and portions of the deposition which he alleges create such conflicts, and outlines plaintiff's assertions with reference thereto. See Rule 56(e), W.R.C.P.; *Low v. Sanger*, Wyo., 478 P.2d 60, 64; *McClure v. Watson*, Wyo., 490 P. 2d 1059, 1062.

There is a further reason why this affidavit and the statements therein cannot be considered. It was made by plaintiff's attorney and demonstrates upon its face it was not made upon personal knowledge of this appellant and he would not be competent to testify to such matter, Rule 56(e), W.R.C.P.

Plaintiff leased an apartment from the defendants on June 3, 1973. The monthly rental was $40 if plaintiff paid for the electricity, or $45 if defendants paid for it. This is the only testimony with reference to the payment of any utility bill. There was no written lease and only a very casual oral understanding, and the only conditions mentioned were that plaintiff was to clean his own rooms and to furnish his own towels and linen. Nothing was said about repairs. There were three gas appliances, a gas stove, a gas heater, and the refrigerator which is alleged to be the cause of the injuries. At the time of the leasing defendants gave plaintiff a key and he kept the apartment which he occupied from month to month by payment of the monthly rental. The appliances were not repaired, serviced, or inspected during the approximate three-month period plaintiff occupied the apartment.

On September 6, 1973, the night before this tragic occurrence, plaintiff stayed all night in the apartment and because of the rain may have closed the windows, although the record is not clear. During that time he noticed no odor. He awakened the next morning around 11:00 and had an upset stomach. He went to his mother's home and "called in sick at work" because of the way he felt, and he was suffering nausea. He did not mention this to defendants. He returned to the apartment about 2:00 p. m. and sat down in a chair to watch television and has no further memory of this incident, although at that time he did not notice any odor. He was not discovered until September 8 and was in serious condition when found, and he still suffers greatly from these injuries.

Appellees make their main reliance upon the rule that the landlord has no affirmative duty to inspect, but also inject into the pleading and argument that the record herein shows no evidence of any proximate cause of plaintiff's injuries, with which we must agree, because this issue was raised directly by their pleading and it thereby became a necessary element of plaintiff's recovery.

Although plaintiff's complaint asserts he "was overcome by gas fumes emanating from an old gas refrigerator," nothing in this record sustains this statement and a party cannot rely upon allegations in his pleadings to demonstrate a genuine issue of fact, *Edmonds v. Valley National Bank of Arizona*, Wyo., 518 P.2d 7, 11, and authorities cited; Rule 56(e), W.R.C. P. The only evidence of the direct cause of plaintiff's injuries is contained in his deposition, which is as follows:

"Q. Do you know what caused your problem? A. Well, just from what the doctors tell me.

"Q. What do they say? A. It was gas that was emitted out of the refrigerator. I really—just from what the doctors told me."

This is clearly hearsay and it would not have been proper for the trial court to consider this. In *Newton v. Misner,* Wyo., 423 P.2d 648, 650, this court, in noticing the requirement of Rule 56(e), W.R.C.P., commented that "material presented to the trial court as a basis for a summary judgment should be as carefully tailored and professionally correct as any evidence which is admissible to the court at the time of trial." The requirement of personal knowledge of the witnesses is requisite in depositions also. The case of *Liberty Leasing Co. v. Hillsum Sales Corporation,* 5 Cir., 380 F.2d 1013, 1015, is directly applicable to this situation, when that court, after mention of the rule and the fact that a witness in a deposition had admitted he had "no personal knowledge" of certain facts, and that the evidence would have been inadmissible as hearsay, remarked that this therefore was "counter to the provisions of Rule 56(e). The district court was, therefore, correct in refusing to give weight to the deposition." See *Standard Rolling Mills v. National Mineral Co.,* D.C.N.Y., 2 F.R.D. 236, 237. The same result also flows from application of Rule 43(a), W.R.C.P., to the depositional testimony in a summary judgment proceeding, *American Security Company v. Hamilton Glass Company,* 7 Cir., 254 F.2d 889, 893; 6 Moore's Federal Practice, § 56.02(9), p. 2041. Application of these principles reveals that the record shows no cause or direct connection of the plaintiff's injuries with any acts of these defendants.

However, if we concede only for the purposes of this opinion that this was sufficient to show plaintiff's injuries were caused from some kind of gas, there is nothing in the record which would demonstrate the source thereof. Appellant places great reliance upon the fact that some adjustments were made on a refrigerator by the utility company after this occurrence. The sole basis of this, and the only evidence in connection therewith, rests in defendants' answers to interrogatories as follows:

"We have no first hand knowledge but were advised after the accident that the gas input into the burner was out of adjustment. The input is controlled by a pressure adjustment screw located inside the motor unit of the refrigerator, which was adjusted by MDU after the accident. We were further advised that it is unlikely the adjustment screw would move itself and that somebody sometime must have tried to adjust it, but it would take special knowledge and equipment to do so. Neither we, nor anyone on our behalf, have ever attempted to adjust the refrigerator or touch the adjustment screw. We have absolutely no prior knowledge that the refrigerator was not properly adjusted or that it was in any way dangerous to any tenant residing in the apartment."

Nowhere except by argument is it in any manner suggested what would be or was the effect of such incorrect adjustment. It might be suggested that there were several possibilities, some harmless, i. e., that it might result solely in the refrigerator not cooling properly because it did not receive sufficient energy, and that it might merely result in consuming more gas than was necessary or proper. It is impossible to say from this record that this lack of proper adjustment would result in either the escape of natural gas into the apartment or that it might as a result of such condition discharge some gas resultant from improper combustion. This lack of evidence might in itself sustain the summary judgment but when the two factors are placed together, and the record reveals that there is no showing of what occasioned plaintiff's injuries nor any explanation of what effect the improper adjustment might have, this clearly comes within the ambit of *LeGrande v. Misner,* Wyo., 490 P.2d 1252, 1254–1255, wherein we held that "mere conjecture is never sufficient to establish liability on the part of the defendant."

This principle is doubly applicable to this factual situation when it would be necessary to base any liability upon two factors which are not in the record and would be based solely upon speculation.

■ To enable a recovery by the plaintiff, the wrongful act which is alleged or claimed must be the proximate cause of the injury of which complaint is made, *Caillier v. City of Newcastle*, Wyo., 423 P.2d 653, 655; *Savage v. Town of Lander*, 77 Wyo. 157, 309 P.2d 152, 158. Negligence is never presumed from the happening of an accident, *Elite Cleaners and Tailors, Inc., v. Gentry*, Wyo., 510 P.2d 784, 788; and mere conjecture cannot be the basis of liability, *Kalman v. Western Union Telegraph Company*, Wyo., 390 P.2d 724, 726, and cases cited. This court has applied this rule as being applicable to and determinant in a summary judgment proceeding, *LeGrande v. Misner*, supra, and in that case commented that the purpose of summary judgment would be defeated " 'if a case could be forced to trial by a mere assertion that an issue exists, without any showing of evidence,' " 490 P.2d at 1255, quoting from *McCamon v. Darnall Realty*, Wyo., 444 P.2d 623, 625.

■ In addition to the fact that we find no evidence that the maladjustment of this pressure control was the proximate cause of plaintiff's injuries, we must mention there is no showing in the record of any standard of care indicating what is the proper inspection or maintenance of such appliances like this gas refrigerator. There is no expert testimony, recognized safety standard, statute, or ordinance in this record which would demonstrate what was reasonable or recognized as proper with regard to inspection or maintenance of such appliance. Appellant, after citation of the case of *Rodriguez v. Houston Corporation*, Fla.App., 167 So.2d 746, correctly states the rule applicable here when he mentions that case points out the "obvious necessity of expert testimony regarding the maintenance required to keep a gas refrigerator reasonably safe." This was necessary at the time of the presentation on the motion for summary judgment because of our rule that the standard of care is a matter of law which must be supported by evidence at the time of such hearing and that until the standard is established there can be no question of a "conflict of material fact," *Wells v. Jeep Corporation*, Wyo., 532 P.2d 595, 597; *Maxted v. Pacific Car & Foundry Co.*, Wyo., 527 P.2d 832, 835. Absent a showing of the cause of plaintiff's injuries or any standard of care, we see no necessity for further discussion in this case.

■ Plaintiff strenuously insists that he has a right to cross-examine defendants' witnesses apparently to overcome the failure to make a sufficient showing and to develop facts he alleges are solely in defendants' knowledge. We have heretofore expressed our view that the mere desire to cross-examine·plaintiffs' witnesses in the hope of developing other evidence in defense of a summary judgment does not prevent its entry, *Western Standard Uranium Company v. Thurston*, Wyo., 355 P.2d 377, 384. Plaintiff's right of cross-examination is well protected by the discovery proceedings and the right to make depositions provided by our rules, *Lundeen v. Cordner*, 8 Cir., 354 F.2d 401, 408, motion to amend judgment denied 356 F.2d 169, which cites in support thereof *Schneider v. McKesson & Robbins*, 2 Cir., 254 F.2d 827, 831; *Robin Construction Company v. United States*, 3 Cir., 345 F.2d 610, 614; *Dyer v. MacDougall*, 2 Cir., 201 F.2d 265, 269; 6 Moore's Federal Practice, § 56.15(4), pp. 2362–2365 (2d Ed.).

If there was evidence which plaintiff might have presented, he should have sought relief under Rule 56(f), W.R.C.P., and absent such showing the trial court had no alternative but to enter summary judgment herein.

The judgment is therefore affirmed.

THOMAS, Justice (concurring).

I concur in the affirmance of the judgment of this case. I do, however, hold a more limited view of the rationale of our decision than that expressed in the majority opinion.

This court previously has said that in connection with an action to recover damages attributable to the negligence of another, "There must be the necessity of the performance of a duty and a failure to perform it." *Hildebrand v. Chicago B. & Q. R. R.,* 45 Wyo. 175, 198, 17 P.2d 651, 658 (1933). The plaintiff claimed that the instrumentality by which the defendants failed to perform any duty owed to him was a defective gas refrigerator furnished as an appliance in the apartment which he leased. The plaintiff alleged that he "was overcome by gas fumes emanating from an old gas refrigerator" and "subsequent to the accident, it was discovered that the leaking gas had come from the refrigerator." He also alleged that the defendants "knew, or in the exercise of reasonable care, should have known, of the dangerous condition of the gas refrigerator" and "that the old, defective gas refrigerator in Plaintiff's apartment had a high probability of causing injury." The plaintiff thus linked the elements of duty and breach to the defective gas refrigerator, and the defendants structured a pleading issue by denying these allegations. Looking beyond the pleadings, however, the deposition of the plaintiff then discloses the following:

"Q. Do you know of any person who has knowledge of any defect in this refrigerator?

"A. No, I don't."

We have said that Rule 56, W.R.C.P. and Wyoming cases impose a burden on both parties to demonstrate to the court the absence or existence of a conflict as to the material facts. *McClure v. Watson,* Wyo., 490 P.2d 1059 (1971). The defendants, as the moving parties, did have the initial burden of demonstrating that there was no genuine issue of material fact, and that they were entitled to judgment as a matter of law, which burden they must assume regardless of the burden of proof at trial. *Mealey v. City of Laramie,* Wyo., 472 P.2d 787 (1970). In this case the defendants sustained their burden by virtue of the admission by the plaintiff that he had no evidence to support an essential element of his cause of action. The plaintiff produced nothing to counteract his admission.

Just as a failure of proof by the plaintiff of one or more elements of his action may lead to a directed verdict and judgment for the defendant at trial, a showing on the record that the plaintiff is without any proof of one of the elements of his cause of action results in the proper granting of a defense motion for summary judgment. Such an admission is a most appropriate way to demonstrate that there is no genuine issue of fact relating to that particular element of the plaintiff's cause of action, and it can be relied upon by the trial court in entering summary judgment for the defendants upon their motion. See *Douglas v. Beneficial Finance Co.,* 334 F.Supp. 1166 (D.Alas.1971), reversed on other grounds, 469 F.2d 453 (9th Cir. 1972); 10 Wright and Miller, Federal Practice and Procedure, § 2722, pp. 481–482 (1973).

The plaintiff having admitted that he had no evidence of a defect in the gas refrigerator which he asserted in his Complaint, the defendants were entitled to the summary judgment which the trial court granted. Any other issues of fact, whether structured by the pleadings or demonstrated to be genuine by the depositions, answers to interrogatories, and admissions on file, together with the affidavits would not relate to material facts because they could not affect the result of this litigation in view of the plaintiff's conceded inability to establish any defect in the refrigerator. Without such proof his recovery is foreclosed as a matter of law.