Edith RAMSAY, Jesse Ramsay, Alpheus A. Ramsay, Hugh L. Ramsay, and the unknown heirs and devisees of Jesse W. Ramsay, Appellants (Defendants below),

v.

Edward M. BOLAND, Appellee (Plaintiff below).

No. 3015.

Supreme Court of Wyoming.

Sept. 18, 1961.

Jones & Dumbrill and Richard S. Dumbrill, Newcastle, for appellants.

W. F. Drew and Morris R. Massey, of Brown, Healy, Drew, Apostolos & Barton, Casper, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER, and McINTYRE, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Plaintiff filed suit to quiet title on certain oil lands, and defendants, the heirs of a previous owner whose grantee had agreed to give him 12½ percent of any oil or minerals acquired from said premises, sought by counterclaim to be determined the owners of such percentage. The court found for plaintiff, and defendants gave notice of appeal May 5, 1960, but failed to file the record in this court within ninety days thereafter. Plaintiff has now moved that the appeal be dismissed for failure of compliance with Wyoming Rules of Civil Procedure.

On June 10 the district court entered an order granting a thirty-day extension

---

for filing the record.[1] The transcript of testimony was filed in the district court on August 2, and the record on appeal was transmitted to this court on August 15, along with a motion of defendants seeking an extension of time for the filing of the record. Some correspondence thereafter occurred between this court and defendants' counsel. On September 3 defendants filed a motion, supported by affidavits, requesting that this court under the authority of Rule 73(g), Wyoming Rules of Civil Procedure, accept the case for filing on the ground that this was an extraordinary situation, that due diligence was used by counsel, and that the appeal could not be docketed for causes beyond the litigants' control. It appeared by the affidavits and record that the cause was set down for hearing on its merits on March 21, 1960, that on said day there was a pretrial hearing and later on the same day immediately prior to the trial a supplementary pretrial hearing at which the reporter was present and took the conversations and statements of court and counsel with the understanding that they would be reduced to writing, put in an order by the reporter, submitted to counsel, and then presented to the court for signature. The reporter made a rough draft of the "Supplement to the Pretrial Conference Order," but this was not signed prior to the entry of judgment. On May 13 the trial judge became ill and did not resume his duties until June 10. The order was not completed and signed until August 15.

Plaintiff urges that it is the responsibility of counsel for appellants to insure that administrative functions are carried out in the preparation and filing of the record, that this cannot be delegated, and that no excuse is here presented for a failure to discharge that responsibility; and that an order extending the time for the filing must ordinarily be made before the expiration of the time fixed for the filing, citing Mar-

tens v. State Highway Commission, Wyo., 354 P.2d 222. Although plaintiff does not delineate the method of such filing, he undoubtedly has reference to the procedure outlined by Professor Moore that "in a proper case, [the appellant may] file a partial record and docket the appeal under Rule 75(j) so that he can then apply to the appellate court for an extension of time within which to file the complete record." 7 Moore's Federal Practice, p. 3629 (2 ed.).

Defendants present no cogent argument resisting the motion to dismiss but rather contend that reasonable diligence was exercised and that the case is extraordinary within the meaning of the provision in Rule 73(g).

█ A review of the record and of the affidavits accompanying the motions fails to disclose that this is an "extraordinary" case within a reasonable interpretation of Rule 73(g), that due diligence was exercised by the defendants, and that for causes beyond their control the appeal could not be docketed within the 90-day period. Rule 16, Wyoming Rules of Civil Procedure, in stating that the pretrial order controls the subsequent course of the action must be taken to mean that the order shall be entered sufficiently ahead of the trial to allow time for preparation by the litigants. See 3 Moore's Federal Practice § 16.18 (2 ed.); 1A Barron and Holtzoff, Federal Practice and Procedure § 473 (1960). In the instant situation, defendants registered no objection to the fact that the "Supplement to the Pretrial Conference Order" was not made and entered at the time required, and they failed to request that the court sign and file the order prior to the judgment. This failure, if not an actual waiver, at least showed a lack of such diligence as would warrant special consideration at this time. Accordingly, the motion to dismiss must be sustained.

Appeal dismissed.

1. A similar order was entered on July 11 but was without effect since the district court was precluded by Rule 73(g), Wyoming Rules of Civil Procedure, from extending the time to a day more than ninety days from the date of filing the notice of appeal.