Norman CAILLIER and Mary Caillier, husband and wife, Appellants
(Plaintiffs below),

v.

The CITY OF NEWCASTLE, Wyoming, a municipal corporation, Appellee
(Defendant below).

No. 3508.

Supreme Court of Wyoming.

Feb. 10, 1967.

---

4. See Peckham v. Ronrico Corporation, 1 Cir., 171 F.2d 653, 658.

Cecil K. Hughes, of Reynolds & Hughes, Sundance, for appellants.

No appearance for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Norman Caillier and Mary Caillier, husband and wife, sued the City of Newcastle, Wyoming, for flood and water damages to their motel property. They alleged the city had negligently obstructed a natural water course, and as a proximate result of such obstruction their damage was caused. Trial was to the court without a jury. The court found for defendant-city and plaintiffs have appealed.

Prior to the flooding here involved, the City of Newcastle had caused a bridge over Cambria Creek, on North Seneca Street,

to be replaced by two culverts. Cambria Creek was described by witnesses as an "intermittent" stream, which would normally be dry; but on occasions it would be subject to a run-off. The motel owners contend the culverts were not adequate in size and that they were installed despite sound engineering advice to the effect that such culverts would not carry all of the water in a run-off.

For purposes of our decision, we can assume plaintiffs sufficiently proved the City of Newcastle was negligent when it replaced the bridge by culverts which were not adequate to carry a run-off such as the one which damaged plaintiffs' property. It is undisputed in the evidence that on this occasion the roadbed served as a dam, because the water could not be carried off fast enough through the culverts. The result was the formation of a large lake behind the roadbed and culverts. Indeed, settlement was made on behalf of the city with several property owners who had property upstream, where the property was damaged by water being backed up behind the roadbed and culverts.

With respect to the complainants in the case before us, however, their property was 2000 or 2600 feet downstream from the culverts. They could have been damaged by defendant's negligence, if after the lake behind the roadbed was formed, the roadbed had washed out or given way, thus allowing the lake to empty suddenly. But that did not happen. It is clear and undisputed from the evidence that the roadbed held and did not wash out.

■ Even after the water behind the culverts reached the top of the roadbed and started going over the bed of the road, the rate of flow below the culverts could not at any time exceed the natural run-off flow into Cambria Creek. Or at least, from this set of facts and undisputed situation, the trial court was justified in believing and finding that plaintiffs failed to prove the negligence of defendant was the proximate cause of the flooding of plaintiffs' property.

■ To justify recovery, the wrongful act charged must be the proximate cause of the injury complained of. Savage v. Town of Lander, 77 Wyo. 157, 309 P.2d 152, 158. And, of course, proximate cause is ordinarily a question for the trier of fact. Parkinson v. California Co., 10 Cir., 255 F.2d 265, 270; Dallason v. Buckmeier, 74 Wyo. 125, 284 P.2d 386, 390.

It is true appellants' attorney has attempted to advance the theory that trash and debris lodged against a cable and held water back, after which this blockage gave way and allowed a wall of water to rush down and flood plaintiffs' property. The trouble with this theory, however, is that there is an absence of evidence to support it. The record reveals no testimony whatever indicating that trash and debris actually did accumulate against the cable, and there was no evidence that either debris or the cable ever gave way in such a manner as to release backed-up water.

Along the edge of the roadway, on the downstream side, were a series of safety posts with a cable running through the posts. As shown in a picture admitted into evidence, and as described by one of the witnesses, water had washed earth from around several posts above the culverts. This permitted those posts to lean and the cable to sag. Undisputed testimony made it clear the cable did not actually break or wash out.

There was other testimony to the effect that the cable was 20 to 30 inches above the top of the road fill; that the water never reached that height; and that there was no opportunity for trash and debris to catch on the cable. The only witness called by plaintiffs with respect to the supposition that debris lodged against the cable and caused it to go out, releasing a sudden wall of water, was unable to say such had happened.

■ This witness was asked a number of times for an opinion as to what would be likely to happen if trash lodged against the cable and caused it to go out. Counsel for the defendant repeatedly objected on the ground that the questions called for an opin-

ion on a matter not in evidence. The objections were sustained. This ruling on the part of the trial judge was obviously correct, because in the absence of evidence to show that trash lodged against the cable, the witness' opinion as to what such lodging would cause was irrelevant and immaterial.

■ We cannot agree with appellants' claim that they were prejudiced by rulings of the trial court in excluding opinion evidence as to what could have happened or might have happened. Mere conjecture or speculation as to happenings is never sufficient to establish liability on the part of a defendant. Kalman v. Western Union Telegraph Company, Wyo., 390 P.2d 724, 726; Edwards v. Harris, Wyo., 397 P.2d 87, 91.

■ Although we find an absence of evidence in the record to support appellants' theory of water having been backed up by debris against the cable, and then suddenly released by the cable going out, it is sufficient for us to point out that the trier of fact found against plaintiffs and for defendant. There was substantial evidence contradicting appellants' theory, and we are bound by the district court's findings.

Appellants complain because a pretrial conference was held the afternoon before trial, and yet the trial court did not prepare or enter a pretrial conference order before trial. It is claimed this is contrary to the intendment of Rule 16, W.R.C.P. Seven months after the pretrial conference, the district court entered, as of the date of the conference, a nunc pro tunc pretrial conference order.

■■ A nunc pro tunc order is recognized as the proper procedure to make the record of a judgment and proceedings in connection therewith speak the truth. Fullmer v. Meacham, Wyo., 387 P.2d 1007, 1009. In this instance, the nunc pro tunc order recited that the parties agreed a pretrial order would be entered after trial, if it appeared either of the parties intended to appeal. It would appear, then, that the entry of the nunc pro tunc order, to make the record speak the truth, was proper; but of course we do not recommend such delays in entering pretrial orders. Ramsay v. Boland, Wyo., 364 P.2d 824, 825.

In any event, regardless of the time lapsing between the conference and the entering of an order thereon, it does not appear appellants were prejudiced in any material respect. The case was disposed of on a finding that defendant was not guilty of negligence which was the proximate cause of the damage suffered by plaintiffs. This makes immaterial consideration on other issues, such as the extent of plaintiffs' damage.

■ The plaintiffs had a full and fair trial on the issue of negligence and proximate cause. With a finding against them on this issue, it becomes incumbent upon them to show wherein the handling of the pretrial conference order operated to their prejudice. We fail to find any prejudice claimed in this respect, except for appellants' general and unsupported statement that the handling of the pretrial conference order operated to the prejudice of appellants. Of course, this court cannot reverse except for error which is shown to be prejudicial. Boyce v. Northern Utilities Company, 75 Wyo. 500, 297 P.2d 820, 826.

■ Moreover, it does not appear from the record that plaintiffs requested the court to file and enter a pretrial order or that they objected to the absence of one, until after judgment had been entered and the nunc pro tunc order had been filed. In view of this, they cannot now be heard to complain because the pretrial order was not filed before trial. Ramsay v. Boland, Wyo., 364 P.2d 824, 825.

The findings of the trial court were supported by ample evidence, and such findings cannot be deemed erroneous as a matter of law.

Affirmed.