Kenneth A. BATES and Shirley Ann Bates, Appellants (Plaintiffs below),

v.

W. S. DONNAFIELD and Violet Donnafield, d/b/a Donnafield Used Cars and Parts, and John W. Shassetz, Paul W. Shassetz and Pete Gillis, Appellees (Defendants below).

No. 3894.

Supreme Court of Wyoming.

Feb. 24, 1971.

Charles R. Spratt, Buffalo, Hunter Patrick, Powell, for appellants.

Redle, Yonkee & Arney and Rex O. Arney, Sheridan, for appellees.

Before McINTYRE, C. J., and PARKER, McEWAN and GRAY, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Plaintiffs, husband and wife, filed an action for damages arising out of a motor

vehicle accident occurring just west of Clearmont on the evening of March 17, 1969. As developed by the pleadings and pretrial proceedings, the essential facts are that Kenneth A. Bates was driving his 1964 Rambler station wagon easterly from Buffalo to Clearmont when there occurred a collision between his vehicle and, first, a trailer traveling in the opposite direction, towed by a wrecker truck driven by Paul W. Shassetz, and next, a dump truck driven by Paul's brother, John, the Shassetzes being in the employ of the Donnafields. The Rambler was demolished and Bates was seriously injured, his wife joining him as plaintiff because of loss of consortium.[1]

It is undisputed that the Shassetz brothers, employees of the Donnafields, had gone to the oil fields near Biddle, Montana, to transport a burned-out trailer house to the Donnafields' auto parts business in Sheridan. The trailer house was in large part collapsed and placed on a twelve-foot wide trailer, towed by a wrecker, and followed by the dump truck; both were preceded by a lead car driven by Pete Gillis, who, according to the parties' stipulation, was an employee of the Donnafields. The scene of the accident was in the vicinity of a narrow (some seventeen feet) bridge in a two-lane, hard-surfaced highway, approximately nineteen feet in width. The evidence showed the demolition of the Bates' station wagon and injuries to Bates. There was serious conflict as to the exact time of the wreck and the light conditions. Plaintiff, Kenneth Bates, and witnesses contended that it was approximately seven o'clock, dark or growing dark with the necessity for lights, and defendants indicating on the contrary it was somewhere between six and six-thirty, that the sun was not yet down or just setting.[2] Other conflicts related to the position of the trailer, as being on its own side of the road or across the center line, and Bates' speed, which he said was forty-

five miles an hour, and defendants' witnesses estimated to be sixty to sixty-five miles per hour.

The cause was tried to a jury and at the conclusion of the evidence defendants moved for an instructed verdict, which motion was denied as to Bates, but granted as to Mrs. Bates "for the reason that in the absence of a statute in the State of Wyoming the common law precludes the recovery of a wife for loss of consortium." The jury rendered a verdict for defendants and judgment was entered accordingly. Plaintiffs have appealed, arguing that the direction of the verdict against Mrs. Bates was error as a matter of law, that the court improperly received a "Wide Load" sign in evidence over plaintiffs' objection, and that the court improperly refused certain photographs relating to the trailer. We find these grounds afford no basis for reversal.

### Direction of Verdict Against Wife

■ Plaintiffs' charge of error against the wife is threefold: (1) the damage to the automobile was unquestioned as was her joint ownership of it and she was accordingly entitled to recover from defendants; (2) the damage to the wife was unchallenged and under the rule that should be adopted a wife may recover from third parties for her loss of consortium resulting from injury to the husband caused by defendants' negligence; (3) the improper direction of the verdict against the wife was a strong influence on the jury and prejudiced the rights of the husband.

Plaintiffs mention the first point only casually, saying that the directed verdict against the wife was error in that it deprived her of her right to have her damage claim for the automobile tried to the jury. No cogent argument or authorities are presented to support the contention and

---

1. Mrs. Bates later claimed joint ownership of the station wagon but did not so plead nor did plaintiffs demand judgment for that loss.

2. The parties stipulated that sunset on March 17, 1969, was at 6:16 p. m.

for that reason it merits no consideration in the appeal. Stolldorf v. Stolldorf, Wyo., 384 P.2d 969, 973; School District No. 9, in County of Fremont v. District Boundary Board in and for Fremont County, Wyo., 351 P.2d 106, 109.

■ The argument that a wife should recover from third parties for loss of consortium caused by their negligence resulting in injuries to the husband is predicated upon the view that the common law rule long prevailing in the United States is for various reasons unwarranted and that this court should follow what plaintiffs contend to be a definite trend to overrule it. Counsel concede that at common law although a husband had a cause of action for the loss of consortium for injuries to his wife caused by the negligence of a third party the wife, as indicated in 41 C.J.S. Husband and Wife § 404, had no such cause for injuries negligently inflicted on her husband. Research in this field indicates much discussion of the subject by courts as well as in legal periodicals and, as argued, there has been some trend in modern courts toward the rejection of the rule that prevented the wife's recovery for the loss of consortium. The status of the matter is shown by a discussion in 41 Am. Jur.2d Husband and Wife § 458 and in the cited Annotation, 23 A.L.R.2d 1378, with 19–24 A.L.R.2d Later Case Service 735–744 (1970) bringing it up to date, the latter at 740 citing many cases still holding that the wife has no right of action for loss of consortium resulting from negligent injury to her husband.

This court has never had occasion to pass upon the exact point now in issue, but in Druley v. Houdesheldt, 75 Wyo. 155, 294 P.2d 351, 352, 296 P.2d 251, we said it was axiomatic that in the absence of statutory provision the common law applies in Wyoming; and under an extension of this rationale, the rule that the wife is precluded from recovery in an instance such as the one before us would be applicable.

In Maffei v. Incorporated Town of Kemmerer, 80 Wyo. 33, 338 P.2d 808, 816, 340 P.2d 759, we said:

"* * * We do not * * * agree that an ancient doctrine firmly imbedded in that great body of Anglo-Saxon law which we inclusively refer to as the 'Common Law', and which became that law through early usage and custom, can be judicially abrogated any more than courts are authorized to abolish statutory law because in their opinion the reason for the legislative enactment no longer justified the continuance of the law. That which is considered to be the merit of a law is not the criterion upon which courts base their decisions as to a law's continued existence. * * *"

That pronouncement is generally consistent with other statements of similar import. Bondurant v. Board of Trustees of Memorial Hospital of Converse County, Wyo., 354 P.2d 219, 222; Wilcox v. Herbst, 75 Wyo. 289, 295 P.2d 755, 762. We think it far more salutary and in the overall more equitable that the common law which we have adopted in this jurisdiction be changed by legislative enactment, which would admit of some certainty as to the state of the law rather than speculation as to what trends might be adopted.

Of course, if the wife is not entitled to recover for consortium and has failed to make any showing here that her rights have been violated as to denial of recovery for loss of her joint interest in the automobile, it follows that there are no grounds upon which we could hold there was prejudicial error.

### Wide-Load Sign

■ Plaintiffs present as error the court's admitting into evidence over their objection as to foundation the large sign marked "Wide Load," it being contended, as is conceded by defendants, that the sign had lain out for many months in the weather and was not in the same condition as

at the date of the accident. According to oral argument here plaintiffs' real objection to the exhibit was that it was covered with mud at the time of the accident and by the time of the trial the mud had been washed off. We are unable to give the point much credence for several reasons. Not only was there no legal obligation to carry a wide-load sign on the lead vehicle, but testimony was presented showing that red flags had been placed on it as required. Further, there is nothing in the record which indicates the sign to have been muddy on the evening of the accident. It is true that the wrecker with the trailer and the dump truck had both gone through several miles of very muddy road at the beginning of the trip, but the lead car, driven by Gillis, had not. Aside from these matters, which we think indicate there to have been no error in the admission of the sign, there could scarcely be a valid claim of prejudice when Bates testified that he did not see anything on the lead car except the lights, which blinked as he approached. Reasonably, if he could not see the large signboard, which the evidence clearly showed to have been attached to the front car, the printing thereon would be of no significance. We find no prejudicial error because of the admission of the sign.

*Rejection of Photographs*

Plaintiffs seriously argue that three colored photographs, Exhibits 8, 9, and 10, were improperly rejected to their prejudice. These had been presented at pretrial and by the court's order were said to "have been offered and there is no objection as to foundation but Defendants reserve objections as to relevancy and materiality before admission." The colloquy between the court and counsel when the photographs were offered at the trial is essential in considering the claimed error:

"MR. SPRATT: Your Honor, we ask that these be admitted into evidence at this time. They have been stipulated to on the basis of foundation, so the objection was strictly to relevancy. Is this correct?

"THE COURT: Well, are you offering them or not?

"MR. SPRATT: Yes, I am.

"MR. YONKEE: Your Honor, the objection is on the basis that it's my understanding that there wasn't a foundation laid. They were changed.

"THE COURT: There was no objection to foundation. They were subject to objection to materiality and relevancy.

"MR. YONKEE: Yes, Your Honor, and the trailer was changed after the accident before the photographs were taken, so it's on that basis.

"THE COURT: May I see them?

"MR. SPRATT: Yes. (Handing said photographs to the Court.)

"THE COURT: Yes, sustained, they'll be refused."

Plaintiffs' contention here is that the photographs were relevant and material because evidence was already before the court that the *load* exceeded twelve feet. Actually this statement is incorrect since Bates' testimony to which they refer stated that "the *trailer* was wider than 12 feet." (Emphasis supplied.) Regardless of possible confusion between "load" and "trailer," Bates' testimony was of itself insufficient to show relevancy and materiality of the proffered exhibits. Additionally, plaintiffs should not now be heard to argue this matter since they failed to object to the action of the court, giving their grounds therefor, as is required under Rule 46, W.R.C.P. It might be noted peripherally that the width of the load, as it related to any "overhang" on the left of the trailer, was disclosed by one of defendants' exhibits, a photograph of the loaded trailer at the beginning of the trip to Sheridan. Although the rejection of these exhibits was not error, plaintiffs' assertion of it points up the desirability of avoiding misunderstandings in the preparatory stages of litigation.

It would appear that when defendants indicated at pretrial there was no objection as to "foundation" that in fact what was meant was that the photographs might be offered without objection as to their "authenticity." Of course, one of the objections as to irrelevancy is that the condition of a person, place, or thing, at the time of the taking of photographs is not evidence of the condition at the time in issue. 3 Wigmore, Evidence, § 792, p. 237

(Chadbourn rev. 1970). If pretrial is to serve any useful purpose it ought to clarify beyond question routine procedures, including issues as to admissibility of exhibits,[3] and in this area both counsel and court have some obligation, subject to the generally recognized rule that certain evidentiary questions are inherently beyond the reach of a pretrial judge.[4]

Affirmed.

---

3. Rule 4, Uniform Rules for the District Courts of Wyoming, requires that at pretrial the attorneys "Fully advise the Court of all facts and legal issues involved, including issues as to the admissibility of all oral and documentary evidence to be presented upon the trial * * *." It would probably be salutary if these rules made clear that a party waives any unlisted objections to exhibits,

4. At pretrial the parties should seek agreement as to the authenticity of exhibits; and although questions of competency may be there decided, normally questions of relevancy should not be. 54 Cal.L.R. 1016, 1034.