Louise C. JOLY, Appellant
(Plaintiff below),

v.

SAFEWAY STORES, INC., a foreign corpo-
ration, Appellee (Defendant below).

No. 4089.

Supreme Court of Wyoming.

Oct. 31, 1972.

G. L. Spence and Robert R. Rose, Jr., Casper, for appellant.

R. R. Bostwick and David Scott, of Murane, Bostwick, McDaniel, Scott & Greenlee, Casper, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN and GUTHRIE, JJ.

Mr. Justice GUTHRIE delivered the opinion of the court.

Mrs. Joly, appellant herein, filed suit against Safeway Stores, Inc., appellee herein, for injuries resulting from a fall in the parking lot of Safeway at Lander, Wyoming, on November 17, 1969. Upon motion for change of venue this case was moved to Natrona County for trial. The jury returned a verdict for the defendant and from this verdict Mrs. Joly appealed. Although the facts are argued at length in both briefs, we are not called upon to discuss these so a statement thereof would be superfluous.

Mrs. Joly's first asserted ground for reversal involves a most unusual, unfortunate, and unhappy incident, which is now claimed to have been inherently prejudicial. During the course of the trial but prior to the presentation of any testimony, counsel for Mrs. Joly called the attention of the court to the fact that there had appeared on a local television station and radio station in that community a news story about the parties in the pending case. In summary, the public was advised that Mrs. Joly was suing Safeway for an injury incurred in an accident at Lander; that she was the wife of Tony Joly, who had some time before received the largest verdict ever returned in a Wyoming court, and this had been reversed by the supreme court on appeal. Counsel suggested this was most unfair and injected into the case a matter the jury should not have had. He mentioned the possibility of prejudice to both defendant and plaintiff, dependent on the view the jury took or their understanding of the story. He further stated that upon inquiry of the reporter at a radio station as to his source he had been advised that the story had come from the judge presiding; that he, the reporter, had referred his information to the Associated Press chief in Cheyenne, and the story had been put together from the files. The judge assured counsel that although he had mentioned the fact that people of the same surname had been involved in another case that he supplied no details; that he had no idea what the reporter had found by research. Apparently after some argument or other proceedings the court proceeded with the trial. Both parties announced they were ready to proceed and there was no objection by the appellant. The judge addressed the jury and ascertained four of the six had heard the newscast either by radio or television, that one had not heard it, and another remembered only vaguely having heard some story. The court made further inquiry of the jurors individually, inquiring if they could fairly without bias or prejudice decide the case upon the facts presented, and each of the jurors answered that they could and would decide the case on the evidence presented at the trial and that it would make no difference. The judge advised them they should be wholly frank with him if they did not think they could disregard the information and decide solely on what came to them in court and should so advise him, but none did.

There was no motion for mistrial or objection to proceeding by appellant and the trial did proceed. Neither was the question presented to the trial court by motion for new trial after the verdict. Hence the trial judge has never been asked to

rule upon this question to this date, although appellant now insists this was inherently prejudicial and seeks to have this case reversed upon the basis of this news release. Our Rule 46, W.R.C.P., provides that formal exceptions to the rulings of the court are unnecessary but it does require that in order to secure benefit of this rule that at the time the ruling or the order is sought the party make known to the court the action he desires or his objection to the action and his grounds therefor. It is basic that an appeal must be from a ruling of the court and the only exception to this rule is when such act constitutes a fundamental error such as lack of jurisdiction, Steffens v. Smith, Wyo., 477 P.2d 119, 121; Gardner v. Walker, Wyo., 373 P.2d 598, 599. This court has heretofore considered the application of this particular rule in the case of Bates v. Donnafield, Wyo., 481 P.2d 347, 350, holding that a party could not argue error based on the refusal of an exhibit in the absence of an objection and statement of the grounds therefor. It has further been held that the court would not consider the complaint of a party seeking to raise a question regarding the filing and entry of a pretrial conference order in the absence of a request or objection, Caillier v. City of Newcastle, Wyo., 423 P.2d 653, 656; Ramsay v. Boland, Wyo., 364 P.2d 824, 825. It is firmly established that improper argument of counsel cannot be raised or urged for reversal in the absence of an objection, Logan v. Pacific Intermountain Express Company, Wyo., 400 P.2d 488, 494; Edwards v. Harris, Wyo., 397 P.2d 87, 95. These cases are most persuasive.

The case of Fleming v. Lawson, 10 Cir., 240 F.2d 119, 122, is directly applicable wherein it was said:

"Although we are of the opinion that defendant could properly have sought a mistrial after his apprehensions became a reality, no such relief was sought.

Absent such a motion, it is fundamental that he cannot await the outcome of the jury's action and then claim prejudice from an unfavorable verdict. [Citing cases.]"

It has been earlier suggested in a criminal case that in the absence of a motion for mistrial there was no foundation for asserting a right later, Borrego v. State, Wyo., 423 P.2d 393, 395. The Supreme Court of Montana, in the case of Herren v. Hawks, 139 Mont. 440, 365 P.2d 641, 644–645, gives a rather complete discussion of the effect of the failure to make timely objection or move for a mistrial and makes some rather pointed remarks explaining the reason for the application of this rule when it is said at 645:

"We do not intend to put a stamp of approval on trial tactics which have the effect of allowing a party to speculate on the verdict with error tucked in his brief case unless the verdict be favorable. In such a case, the party will be deemed to have waived the irregularity."

This incident clearly demonstrates the need for circumspection on the part of a trial judge to avoid comment on anything even remotely affecting a pending matter.

■ Mrs. Joly's second contention is that she was entitled to recover as a matter of law on admitted and unrefuted facts and the court erred in failing to grant the motion at the conclusion of all the evidence. We find no such motion. The only motion on behalf of Mrs. Joly appearing in the record, which was made at the conclusion of the testimony, is a motion that the pleadings be conformed to the evidence and proof. In the absence of any such motion for a directed verdict on the question of liability the sufficiency of the evidence may not be urged upon appeal and is not subject to review. There is much authority upon this proposition.[1] Illustrative of that rule and its application is the following statement from Irvin Jacobs

---

1. See 5 Moore's Federal Practice, § 50.05 (1), p. 2343 (2d Ed.); 2B Barron and Holtzoff, Federal Practice and Procedure, § 1081, pp. 424–425 (Rules Ed.); and

cases noted in 28 U.S.C.A., Rule 50, p. 420, n. 68, and 1972 Cum.P.P., p. 64, n. 68.

& Co. v. Fidelity & Deposit Co. of Maryland, 7 Cir., 202 F.2d 794, 799, 37 A.L.R.2d 889:

"Prior to the time that the jury returned its verdict the plaintiff did not move for a directed verdict or otherwise question the sufficiency of the evidence to support a verdict if returned in favor of the defendant. Under well established principles, the sufficiency of the evidence to support the verdict is not preserved for review [citing cases], unless this is one of those exceptional cases [citing cases] which render inapplicable the general rule. * * *"

■ The exceptional cases wherein the rule is not applied are those involving abuse of discretion by the trial court or a manifest miscarriage of justice, Commercial Credit Corp. v. Pepper, 5 Cir., 187 F.2d 71, 74–75; Virginian Ry. Co. v. Armentrout, 4 Cir., 166 F.2d 400, 408–409, 4 A.L.R.2d 1064; Charles v. Norfolk & Western Ry. Co., 7 Cir., 188 F.2d 691, 695, certiorari denied 342 U.S. 831, 72 S.Ct. 55, 96 L.Ed. 628. No abuse of discretion is suggested or argued. We are impressed by the fact this case was submitted to the jury upon the evidence adduced and upon instructions to which plaintiff offered no objection with an adverse result.

■ Appellant raises another point, which although stated separately is directly related to and must be considered in connection with the so-called second contention. Stated most summarily, the contention is made that Safeway is strictly liable as a matter of law under this factual situation because of plaintiff's reliance upon Safeway's representations of a safe and secure parking lot. Appellant recognizes this as merely another string to her bow in seeking relief under her second contention. Her counsel argues that by reason of this asserted rule the failure to grant relief upon the ground of simple negligence is compounded, or that "the error is manifold" because of her reliance upon this alleged assurance and failure to warn of a hidden danger. This contention is now un-

available to Mrs. Joly for two reasons. First, in the absence of a motion for a directed verdict upon the question of liability, which has been heretofore discussed, the sufficiency of the evidence is not before us. Second, this theory is not asserted or encompassed in the instructions given without objection, nor is it suggested by any offered instruction on her part. The instructions are the law of the case, Gifford-Hill-Western, Inc. v. Anderson, Wyo., 496 P.2d 501, 503; DeWitty v. Decker, Wyo., 383 P.2d 734, 738.

■ Appellant further asserts, as a fourth ground of error, certain evidentiary rulings. No authorities are cited nor cogent argument submitted to sustain this claim of error. No reason appears for this court to depart from its consistent practice that in the absence of cogent argument or authority to support a contention it merits no consideration, Wagoner v. Turpin Park Irrigation Co., Wyo., 489 P.2d 630, 634; Bates v. Donnafield, supra, 481 P.2d at 348; United Pacific Insurance Company v. Martin and Luther General Contractors, Incorporated, Wyo., 455 P.2d 664, 678; and other cases.

The judgment is therefore affirmed.