**Geraldine DUNCAN, Plaintiff-Appellant,**

**v.**

**GENERAL MOTORS CORPORATION, a Delaware corporation, Defendant-Appellee.**

**No. 73–1941.**

United States Court of Appeals, Tenth Circuit.

July 2, 1974.

Rehearing Denied July 25, 1974.

---

David H. Sanders, Tulsa, Okl., for plaintiff-appellant.

Bert M. Jones, Tulsa, Okl., for defendant-appellee.

Before HILL, SETH and DOYLE, Circuit Judges.

HILL, Circuit Judge.

This appeal involves the right of a wife, under the law of Oklahoma prior to April 27, 1973, to recover damages from a third party tort feasor for loss of consortium, resulting from personal injuries sustained by her husband.

Appellant Geraldine Duncan and her husband are Oklahoma residents. Appellee General Motors Corporation is a Delaware corporation licensed to do business in the State of Oklahoma. On April 25, 1971, appellant's husband sustained injuries rendering him a paraplegic when the automobile he was driving, a 1970 Buick manufactured by appellee, collided with a truck tractor on an Oklahoma highway.

On April 23, 1973, appellant instituted suit against appellee in the United States District Court for the Northern District of Oklahoma. The complaint alleged the vehicle appellant's husband was driving contained a defectively manufactured braking mechanism, constituting a breach of implied warranty of fitness. Damages for loss of consortium were requested.

Appellee moved to dismiss on the grounds the complaint failed to state a claim upon which relief could be granted because the common law of Oklahoma did not allow a wife to recover for loss of consortium. Appellant opposed the motion on two grounds. First, she claimed, denial of the right to sue for loss of consortium, when applied to a wife but not a husband, was a sex-based classification violative of a wife's right to equal protection of the law under the Fourteenth Amendment to the Constitution. Secondly, she claimed 32 O.S.A. § 15,[1] the married women's rights statute,

---

1. 32 O.S.A. § 15 provides: "Woman shall retain the same legal existence and legal personality after marriage as before marriage, and shall receive the same protection of all her

recently amended to allow wives to sue for loss of consortium and effective as of April 27, 1973, was a procedural statute that should be applied retroactively. The trial court granted appellee's motion to dismiss.

Before the recent amendment to 32 O.S.A. § 15 in 1973, Oklahoma did not allow a wife to sue for loss of consortium because of negligent injury to her husband. *See, e. g.,* Karriman v. Orthopedic Clinic, 488 P.2d 1250 (Okl.1971); Nelson v. A. M. Lockett & Co., 206 Okl. 334, 243 P.2d 719 (1952); Howard v. Verdigris Valley Elec. Cooperative, Inc., 201 Okl. 504, 207 P.2d 784 (1949). In the reciprocal situation, however, the husband could recover for loss of consortium for negligent injury to his wife. *See, e. g.,* Ruland v. Zenith Const. Co., 283 P.2d 540 (Okl.1955).

Until 1950, in fact, wives were denied this right in the majority, if not all, of the states. Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811 (1950), cert. den'd, 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624, however, established a wife's right to sue for loss of consortium for negligent conduct.[2] Although courts confronted with the problem since then have split on the issue, the modern trend, as evidenced by the many decisions to that effect, allows a wife the right to sue for loss of consortium.[3]

Appellee contends the issue already has been decided in its favor by this court in Lunow v. Fairchance Lumber Co., 389 F.2d 212 (10th Cir. 1968), cert.

den'd, 392 U.S. 908, 88 S.Ct. 2062, 20 L. Ed.2d 1366; and Criqui v. Blaw-Knox Corp., 318 F.2d 811 (10th Cir. 1963). In *Lunow* the wife, an Oklahoma resident, brought a loss of consortium action for injuries sustained by her husband, which injuries were compensable under the Oklahoma Workmen's Compensation Act. The defendant moved to dismiss on the grounds (1) workmen's compensation benefits were exclusive, and (2) denial of a wife's right to sue for loss of consortium was consistent with due process. The trial court granted the motion and this court affirmed on the basis of the Workmen's Compensation Act, without reaching the constitutional issue.

In *Criqui*, a wife's loss of consortium action under Kansas law, this court, although recognizing respectable authority to the contrary, denied the wife's right to sue. The decision was based on Kansas' substantive law and a belief that a contrary decision should come in the first instance from the Kansas courts.

■■ These cases by no means preclude a different decision today. Both *Lunow*[4] and *Criqui*, like the majority of decisions in other jurisdictions, were based on state substantive law. However, where state law is challenged for federal constitutional reasons, as it is here, federal law governs and not state substantive law. Karczewski v. Baltimore & O. R.R., 274 F.Supp. 169 (N.D. Ill.1967). We are therefore not bound to adhere to Oklahoma law if we deter-

---

rights as a woman, which her husband does as a man; and for any injury sustained to her reputation, person, property, character or any natural right, her own medical expenses, and *by reason of loss of consortium,* she shall have the same right to appeal in her own name alone to the courts of law or equity for redress and protection that her husband has to appeal in his own name alone." (Emphasis added).

The effective date of this amended statute was April 27, four days after appellant filed suit and approximately two years after her husband was injured.

2. *Hitaffer* was later overruled, on another point, in Smither & Co. v. Coles, 100 U.S.

App.D.C. 68, 242 F.2d 220 (1957), cert. den'd, 354 U.S. 914, 77 S.Ct. 1299, 1 L.Ed.2d 1129.

3. See the cases collected in Annot: Wife's Right Of Action For Loss Of Consortium, 36 A.L.R.3d 900, 908 (1971).

4. Although a constitutional issue was raised in the trial court in *Lunow*, we stated: "We think the . . . [workmen's compensation] defense is foremost and decisive, for if a statutory interpretation obviates the necessity for deciding a constitutional issue, we are bound to pursue that course."

mine it to be unconstitutional. With this in mind, we now turn to the merits.

■ Appellant's main argument is that denial of the right to sue for loss of consortium, when applied to a wife but not a husband, is an equal protection violation. Under the traditional equal *protection analysis a sex-based discriminatory rule of state law would be sustained unless it was patently arbitrary and was not rationally related to a legitinmate governmental interest. See, e. g., Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971) ; Miskunas v. Union Carbide Corp., 399 F.2d 847 (7th Cir. 1968), cert. den'd, 393 U.S. 1066, 89 S.Ct. 718, 21 L.Ed.2d 709. It appears, however, that this test is no longer applicable.

In Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973), the United States Supreme Court noted the increased sensitivity manifested to sex-based classifications, and stated:

> In Tit. VII of the Civil Rights Act of 1964, for example, Congress expressly declared that no employer, labor union, or other organization subject to the provisions of the Act shall discriminate against any individual on the basis of "race, color, religion, *sex*, or national origin." Similarly, the Equal Pay Act of 1963 provides that no employer covered by the Act "shall discriminate . . . between employees on the basis of sex." And § 1 of the Equal Rights Amendment, passed by Congress on March 22, 1972, and submitted to the legislatures of the States for ratification, declares that "[e]quality of rights under the law shall not be denied or abridged by the United States or by any State on account of sex."[5]

The Court then stated:

> With these considerations in mind, we can only conclude that classifications based upon sex, like classifications based upon race, alienage, or natural origin, are *inherently suspect*, and must therefore be subjected to *strict judicial scrutiny*. (Emphasis added).

■ Under either test, we believe the instant classification violates the Fourteenth Amendment's equal protection clause. Appellee offers no justification, nor is any apparent, to support such dissimilar treatment. Thus, it fails to meet both the criteria of the traditional rational basis test and the demands of strict judicial scrutiny. Appellee does allude to the argument that allowing a wife to sue for loss of consortium raises the possibility of double recovery. We need only mention, however, that this argument has often been rejected where considered in a constitutional context. *See, e. g.,* Karczewski v. Baltimore & O. R.R., supra; Owen v. Illinois Baking Corp., 260 F.Supp. 820 (W.D.Mich. 1966). *Cf.* Hitaffer v. Argonne Co., supra. Nor did the Oklahoma Legislature consider this argument, or any other, persuasive, as is evidenced by the fact it amended the married women's rights statute to allow a wife the right to sue for loss of consortium.

The intangible segments of the elements comprising the cause of action for loss of consortium are equally precious to both husband and wife. Both have equal rights in the marriage relation, and both should receive equal protection under the law. We find that no legitimate basis exists for the classification present in the instant case, and we conclude that denial of the right to sue for loss of consortium, when applied to a wife but not a husband, is a violation of the wife's right to equal protection of the law under the Fourteenth Amendment to the Constitution.

Our decision renders it unnecessary to consider appellant's alternative argument concerning the retroactivity of 32 O.S.A. § 15.

The judgment is reversed.

---

5. *See also* Title IX of the Education Amendments of 1972, and other statutes ; Brenden v. Independent School Dist. 742, 477 F.2d 1292 (8th Cir. 1973).