Gary W. MANN and Claudia Mann, Plaintiffs,

v.

John A. GOLDEN et al., Defendants,

and

Metcon Corporation and Lawrence Construction Company, Defendants and Third-Party Plaintiffs,

and

John A. Golden and Cooperative Farm Chemicals Association, Third-Party Plaintiffs,

and

Acme Sheet Metal Works, Inc., a Missouri Corporation, Third-Party Defendant.

Civ. A. No. 74–194–C2.

United States District Court, D. Kansas.

March 11, 1977.

---

**3.** Plaintiffs assert that the Illinois legislature enacted § 100–8(f) solely to avoid an obligation to purchase the M.L.K. Bridge and that such action constituted a denial of due process. The decision of whether to purchase an existing bridge, however, is vested in the discretion of the Illinois Toll Highway Authority. Ill.Rev. Stat. c. 121, § 100–32 (1975). Thus the Illinois Toll Highway Act did not grant plaintiffs a vested right to have their interests purchased. Under these circumstances there could be no denial of due process as a matter of law.

David H. Clark and Sam L. Colville, Shook, Hardy & Bacon, Kansas City, Mo., George A. Lowe, Lowe, Terry & Roberts, Olathe, Kan., for plaintiffs.

William Hergenreter, Shaw, Hergenreter, Quarnstrom & Wright, Topeka, Kan., for defendants John A. Golden and Cooperative Farm Chemicals.

John A. Emerson, Barber, Emerson, Six, Springer & Zinn, Lawrence, Kan., for defendant Braden Steel Corp.

N. Jack Brown, Boddington, Brown and Unverferth, Kansas City, Kan., for defendants & third-party plaintiffs Metcon Corp. and Lawrence Const.

William L. Roberts, Willard L. Phillips and Bill E. Fabian, McAnany, Van Cleave & Phillips, Kansas City, Kan., Joseph B. Bott, Kansas City, Mo., for third-party defendant Acme Engineers and Erectors.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

This case is now before the court for determination of various motions, *i. e.* the motion for summary judgment by third-party defendant Acme Sheet Metal Works, Inc., d/b/a Acme Engineers and Erectors [Acme]; the motion of defendants John Golden and Cooperative Farm Chemicals Association [CFCA] to file an amended third-party complaint against Acme; the motion of defendant Metcon Corporation [Metcon] to dismiss the cross-claims of Braden Steel Corporation [Braden], Golden, and CFCA or, in the alternative, to amend its third-party complaint against Acme; and the motion for summary judgment on Count II of the plaintiffs' complaint by the defendants Golden and CFCA. The summary judgment motion of Golden and CFCA was presented to and taken under advisement by the court at the conclusion of oral argument on May 27, 1976. The court notes Braden has requested oral argument on Acme's motion for summary judgment. Braden has not supported this request by a showing that oral argument would be of particular value to the court or to the parties and, in view of the thorough briefs which have been filed by both the proponent and opponents of this motion, the court deems oral argument to be unnecessary.

Certain facts, basically undisputed, may be briefly stated to outline the context in which the instant motions are raised. In June, 1973, the defendant CFCA, acting as its own general contractor, undertook construction of a bulk warehouse for the storage of urea on its premises just east of Lawrence, Kansas. CFCA entered into separate contracts with the defendant Lawrence Construction Company to pour the footings and concrete foundation for said warehouse, and with the defendant Metcon Corporation to furnish and erect a steel

warehouse to be fabricated by defendant Braden Steel. Metcon subcontracted with the defendant Acme for the latter to erect the building on CFCA premises. The plaintiff, an employee of Acme, was injured when certain steel beams collapsed during the course of Acme's erection of the storage facility. The plaintiff, who collected benefits from his employer (Acme) pursuant to the Kansas Workmen's Compensation Act, sued Golden, CFCA, Braden, Metcon, and Lawrence Construction Company on the ground that they were jointly and severally liable for, *inter alia*, negligence and breach of warranty which proximately caused his injuries. Each of the defendants filed cross-claims against the other defendants, claiming the right of indemnification from the other, allegedly active and primarily negligent, tortfeasors if any one of them were ultimately held liable to the plaintiff. In addition, the defendants each filed third-party complaints against Acme on the same theory. Golden and CFCA previously filed a motion for summary judgment on Count I of the plaintiffs' complaint, alleging that the plaintiff was a statutory employee of CFCA at the time of his injuries and that his exclusive remedy against CFCA therefore lays within the provisions of the Workmen's Compensation Act. Braden previously filed a motion for summary judgment on the ground that discovery had disclosed no evidence of negligence or any breach of duty on its part. Both of these motions were orally denied by the court on May 27, 1976, at the conclusion of oral argument. While it appears from the order of Magistrate Sullivant, dated October 26, 1976, that discovery in this action should now be complete, no pretrial hearing has yet been completed and no pretrial order has yet been entered.

Acme's motion for summary judgment, and the motions of CFCA, Golden, and Metcon for leave to file amended third-party complaints, center upon the issue of whether, as a matter of law, an employer who has discharged his obligations to an injured employee by paying the benefits provided in the Workmen's Compensation Act may under any circumstances be required to indemnify a negligent third party whose negligence has been adjudicated to have proximately caused or contributed to the employee's injuries. Acme's motion for summary judgment on the present third-party complaint is based upon the arguments (1) that under *Houk v. Arrow Drilling Company*, 201 Kan. 81, 431 P.2d 146 (1968), the plaintiff's sole and exclusive remedy is as provided in the Workmen's Compensation Act and any further "indirect recovery" against the employer by way of indemnity is prohibited as a matter of law; and (2) that the third-party complaints allege no independent duty owed from Acme to the third-party plaintiffs and that, as a result of the law announced in *Hickman v. Fairleigh*, Civil Action No. T–4718 (D.Kan., June 25, 1970, *unpublished*), the third-party complaints state no actionable claim for indemnification. Third-party plaintiffs CFCA, Golden, and Metcon—expressly conceding the latter point—have filed motions for leave to file amended third-party complaints against Acme. Metcon's motion to dismiss the cross-claims of Braden, Golden, and CFCA is based on the argument that the plaintiff seeks to recover for the individual negligence of each of the respective defendants; that the plaintiff's exclusive remedy against Metcon, as a "statutory employer," lies under the Kansas Workmen's Compensation Act; [1] and that because the defendants, if negligent, were "at most" *in pari delicto*, none of the cross-claimants against Metcon would be legally entitled to indemnification.

The court finds, first, that the motions of CFCA, Golden, and Metcon for leave to file amended third-party complaints should be sustained. As noted earlier, discovery is either still in process or has not yet been completed. The case has not yet reached the stage of pretrial conference, and there is no showing that amend-

---

1. See Document No. 121, clerk's minute entry of court's decision to sustain Metcon's motion for summary judgment on plaintiff's complaint.

ment of the pleadings will in any way delay the trial of this action, or materially prejudice the interests of any party. Rule 15(a) of the Federal Rules of Civil Procedure directs that leave to amend "shall be freely given when justice so requires", and Acme's contentions in opposition to these motions—largely addressed to the merits of the proposed amended third-party complaints—are inapposite.

Acme's motion for summary judgment on the present third-party complaints is rendered moot by the Court's decision to grant CFCA, Golden, and Metcon leave to amend to state claims cognizable under the holding of *Hickman v. Fairleigh.* Accordingly, Acme's motion must be overruled.

■ Metcon's motion to dismiss the cross-claims of CFCA, Golden, and Braden is premised upon the argument that, based on the interrogatories, depositions, and other discovery undertaken to date in this action, it is clear that "no valid cause of action lies against this moving defendant for any indemnification of Braden Steel Corporation, Cooperative Farm Chemicals Association, or John A. Golden . . . for any liability they may have incurred as a result of their own alleged negligence." Because Metcon relies on matters outside the pleadings to support its claim, the court is required by Rule 12(b) to treat the instant motion to dismiss as a motion for summary judgment and dispose of it in accordance with Rule 56 of the Federal Rules of Civil Procedure. So viewed, the motion must be denied. At this stage, without the assistance of a pretrial order clarifying and perhaps revising the parties' original claims in light of the extensive discovery which has been conducted herein, the court simply cannot conclude

that there are no genuine issues as to any material facts or that as a matter of law neither Golden, Coop, nor Braden are entitled to be indemnified in the event that they would be held liable to the plaintiff. Metcon's motion, arising prior to completion of pre-trial proceedings in this case, appears to be largely based upon speculation as to the nature of the plaintiff's eventual claims, and conjecture as to the nature and relative degrees of negligence which might eventually be proven against each of the respective defendants. Metcon's motion is essentially an invitation for us to determine these critical factual issues by weighing and evaluating the "evidence" presented in various interrogatories and depositions on file in this case—and this is an invitation which the court must decline. It does appear that neither CFCA, Golden, nor Braden have filed responses opposing, on the merits, dismissal of their cross-claims against Metcon. The court would therefore be inclined to reconsider the instant motion upon completion of pre-trial proceedings herein, should Metcon re-assert it at that time.

Count II of the plaintiff's complaint, the target of the motion for summary judgment by CFCA and Golden, is a claim for loss of consortium by the wife of the plaintiff. Defendants argue that Kansas law, as it existed at the time of the accident involved in this lawsuit,[2] provided a wife no cause of action for loss or impairment of consortium resulting from a direct injury to her husband because of the negligent acts of others. The defendants rely upon *Hoffman v. Dautel*, 192 Kan. 406, 388 P.2d 615 (1964), in which the Kansas Supreme Court—while criticizing the statutory provision that enabled only husbands to sue for

**2.** Prior to July 1, 1976, K.S.A. § 23–205 provided as follows:

"*Loss or impairment of services, right of action; rights of husband.* That where, through the wrong of another, a married woman shall sustain personal injuries causing the loss or impairment of her ability to perform services, the right of action to recover damages for such loss or impairment shall vest solely in her, and any recovery therefor, so far as it is based upon the loss or impairment of her ability to perform services

in the household and in the discharge of her domestic duties, shall be for the benefit of her husband so far as he shall be entitled thereto: *Provided, however,* That nothing herein shall in any way affect the right of the husband to recover damages for the wrongful death of his wife."

Under the 1976 amendments to this statute, this cause of action became available for the benefit of any "spouse" of a "married person" who suffered personal injury due to the wrongful conduct of another.

**564**

loss of consortium—refused to recognize a corresponding common law cause of action on behalf of married women. The plaintiff argues that *Fritzson v. City of Manhattan*, 215 Kan. 810, 528 P.2d 1193 (1974), indicated a judicial inclination to reconsider the vitality of the *Hoffman* rationale; that the Kansas Supreme Court, if presented with the question today, would reverse *Hoffman* and recognize a wife's right to sue for loss of consortium; and that K.S.A. § 23–205, which previously purported to limit the right to sue for loss of consortium to men only, was in any event unconstitutional.

 The plaintiff's latter argument is, in the court's view, determinative of the defendants' motion. The court must conclude, on the authority of *Duncan v. General Motors Corporation*, 499 F.2d 835 (10th Cir. 1974), that a statutory denial of the right to sue for loss of consortium, when applied to a wife but not a husband, is a violation of the wife's right to the equal protection of the law under the Fourteenth Amendment to the Constitution.[3] Accordingly, the plaintiff's right to sue for loss of consortium is not barred by either the former K.S.A. § 23–205 or the holding of *Hoffman v. Dautel*, and the motion of CFCA and Golden for summary judgment on Count II of the complaint must be overruled.

IT IS THEREFORE ORDERED that the motion for summary judgment of Acme Sheet Metal Works, Inc., d/b/a Acme Engineers and Erectors be and hereby is overruled; that the motions of John Golden, Cooperative Farm Chemicals Association, and Metcon Corporation for leave to file amended third-party complaints be and hereby are sustained; that Metcon Corpora-

tion's motion to dismiss the cross-claims of Braden Steel Corporation, John Golden, and Cooperative Farm Chemicals Association be and hereby is overruled; and that the motion of John Golden and Cooperative Farm Chemicals Association for summary judgment on Count II of the plaintiff's complaint be and hereby is overruled.

---

**3.** In *Duncan*, the Tenth Circuit Court of Appeals invalidated an Oklahoma statute which conferred upon husbands, but not wives, the right to maintain an action for loss of consortium. The court first noted that "where state law is challenged for federal constitutional reasons, . . . federal law governs and not state substantive law." 499 F.2d at 837. The court held that such a statutory classification "fails to meet both the criteria of the traditional rational basis test and the demands of strict judicial scrutiny." The court concluded, "[t]he intangible segments of the elements comprising

the cause of action for loss of consortium are equally precious to both husband and wife. Both have equal rights in the marriage relation, and both should receive equal protection under the law. We find that no legitimate basis exists for the classification present in the instant case, and we conclude that denial of the right to sue for loss of consortium, when applied to a wife but not a husband, is a violation of the wife's right to equal protection of the law under the Fourteenth Amendment to the Constitution." 499 F.2d at 838.