Emerald G. SHEELER, Jr. and Sylvia Sheeler, Plaintiffs,

v.

TRANS–CHEM, INC., Defendant.

No. C80–0366B.

United States District Court, D. Wyoming.

Aug. 10, 1981.

James E. Fitzgerald, Cheyenne, Wyo., for plaintiffs.

George J. Argeris, Guy, Williams, White & Argeris, Cheyenne, Wyo., for defendant.

## MEMORANDUM OPINION

BRIMMER, District Judge.

Emerald G. Sheeler, Jr., who was seriously injured when a truck owned by the Defendant was backed into him, crushing him against his own vehicle, brought suit against Defendant to recover for his injuries, and his wife, Sylvia Sheeler, joined in the suit to recover for her loss of consortium. The Defendant moved to dismiss Mrs. Sheeler's claim for loss of consortium, alleging that the wife's claim may not be maintained under Wyoming law.

In *Bates v. Donnafield*, 481 P.2d 347, 349 (Wyo.1971), the Wyoming Supreme Court ruled that a wife could not maintain an action for loss of consortium resulting from injuries to her husband. The Court first pointed out that at common law the husband could maintain an action for loss of consortium, but the wife could not, and then went on to hold that in the absence of statutory provision the common law applies in Wyoming, so that the wife was therefore precluded from recovery for loss of consortium. While recognizing that several states had done away with the bar to a wife's recovery for loss of consortium, Justice Parker of the Wyoming Supreme Court was correctly of the opinion that it is "far more salutary and in the overall more equitable" that any change in the law should be made by legislative enactment.

But, in the 10½ years since *Bates v. Donnafield*, supra, the Wyoming Legislature has never acted to alter that common law restriction, even though the times have greatly changed. In the course of that decade women began to work at tasks formerly within the male domain, such as truck driving, telephone repair, the professions and many other endeavors. They now hold important military and governmental positions, and have distinguished themselves as corporate and academic leaders. Indeed, equality between the sexes today is very nearly an accomplished fact rather than a goal. Yet today in the "Equality State" of Wyoming, whose own State Constitution says that "In their inherent right to life, liberty and the pursuit of happiness, all members of the human race are equal", it is still the apparent law that a wife may not sue for loss of consortium, but that her husband may sue for such a loss of his wife's "love, affection, care, attention, companionship, comfort and protection." *Sea-Land Services v. Gaudet*, 414 U.S. 573, at 585, 94 S.Ct. 806, at 815, 39 L.Ed.2d 9.

We are not forgetful of the injunction of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, to follow the substantive law of the State in which this Court sits. Neither are we unmindful of the great respect and affection we hold for our learned brothers of the bench of Wyoming's highest Court. But, we are relieved of the duty of following State rules of decision that conflict with federal law, *Duncan v. General Motors, Corp.*, 499 F.2d 835 (10th Cir., 1974), or when the State court decision is no longer the law of the State. *Mason v. [American] Emery Wheel Works*, 241 F.2d 906 (1st Cir., 1957), and we cannot now believe that a clearly sex-based classification such as this would be permitted to continue by that august Court, particularly in view of the many developments in the laws of equal protection in the 10 years since *Bates v. Donnafield*, supra, in which the Supreme Court of Wyoming very properly and cautiously deferred to the legislators of Wyoming to correct this injustice to the women of Wyoming. Such deference should continue no longer.

In *Duncan v. General Motors Corp.*, supra, the Court of Appeals of the Tenth Circuit held,

"The intangible segments of the elements comprising the cause of action for loss of consortium are equally precious to both husband and wife. Both have equal rights in the marriage relation, and both should receive equal protection under the law."

That Court held that Oklahoma's denial of the right to sue for loss of consortium, when applied to a wife but not a husband, was a violation of the wife's right to equal protection of the law under the 14th Amendment to the Constitution.

Justice Brennan of the United States Supreme Court, in *American Export Lines, Inc. v. Alvez*, 446 U.S. 285, 100 S.Ct. 1673, 64 L.Ed.2d 284 (1980), observed that,

"But, the state of the law is very different today [from *Igneri v. Cie. de Transports Oceaniques*, 323 F.2d 257 (2nd Cir., 1963), where the loss-of-society claim of a longshoreman's wife was rejected]. Currently, a clear majority of States permit a wife to recover damages for loss of consortium from personal injury to her husband, [citing 42 State and District of Columbia decisions]."

We too believe that the law is greatly changed now from that of *Bates*. In *Frontiero v. Richardson*, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973) it was held that "classifications based on sex . . . are inherently suspect, and must therefore be subjected to strict judicial scrutiny." In *Duncan v. General Motors Corp.*, supra, the Court of Appeals of this Circuit said that the test of *Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225, (1971), which sustained a sex-based discrimination rule of State law unless it was patently arbitrary and was not rationally related to a legitimate governmental interest "is no longer applicable". 499 F.2d at 838.

Here the Defendant attempted to show that the distinction is necessary and rational, advancing several justifications for denying the wife a right to sue while extending that right to her husband. Defendant suggests the danger of a double recovery, but there is no merit in that reason because the wife's claim for loss of consortium is separate, apart and distinct from that of the husband who has no right to recover damages for impairment of his wife's ability to participate in and enjoy a normal married life because of her husband's injuries. Defendant urges that the wife's claims are too indirect, too remote, but we agree with *W. Prosser, Handbook of the Law of Torts* that "The wife's interest in the undisturbed relation with her consort is no less worthy of protection than that of the husband," at 894–895. One is surely as immediate as the other, and equally foreseeable. Defendant suggests that a multiplicity of actions will result from such a ruling as this; but modern rules of joinder of actions can be enforced to prevent it. Finally, Defendant urges that permitting assertion of such rights, in the absence of a State statute may raise joinder questions, allocation of damage problems, and might disturb settlements made in reliance on *Bates*. To adopt that rationale would prohibit all change. We believe, as might the Wyoming Supreme Court, that the judiciary has the "duty and responsibility to re-examine the efficacy of such an anachronistic doctrine in modern day society." *Oroz v. Board of County Commissioners of Carbon County*, 575 P.2d 1155 (Wyo., 1978).

This Court thus is not persuaded by the Defendant's arguments. We hold that the common law rule of Wyoming, denying a wife the right to sue for loss of consortium, while permitting a husband to do so, is patently arbitrary and a clear equal protection violation.

In *Duncan v. General Motors Corp.*, 499 F.2d 835, 838 (10th Cir., 1974), the Court, discussing a wife's right to sue for loss of consortium said:

"We find that no legitimate basis exists for the classification present in the instant case, and we conclude that denial of the right to sue for loss of consortium, when applied to a wife but not a husband, is a violation of the wife's right to equal protection of the law under the Fourteenth Amendment to the Constitution."

We are bound by that decision in *Duncan v. General Motors Corp.*, supra, which also

held that a federal court may not apply the law of the State in which it sits if to do so would result in a violation of the Federal Constitution, supra, at 837. The Court therefore finds that Mrs. Sheeler is entitled to maintain an action for loss of consortium and that the Defendant's Motion to Dismiss be denied. It therefore is

ORDERED that the Defendant's Motion to Dismiss the claim of Sylvia Sheeler be, and the same hereby is, denied.